UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Defendant. | Case No. 2:21-cv-00421-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO A RECOMMENDATION THAT THIS CASE BE DISMISSED<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

Plaintiff David Perryman is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that prison officials, none of whom are named, have violated his constitutional rights by failing to address his grievances, failing to protect him from Covid-19, and by falsely accusing him of refusing to accept a cellmate. ECF No. 1 at 6, 8, 12. I find, for the reasons stated below, that plaintiff's complaint does not comport with Rule 8 of the Federal Rules of Civil Procedure. Additionally, plaintiff cannot bring unrelated claims against multiple defendants. I will give him leave to amend.

1

Plaintiff has also filed an application to proceed *in forma pauperis*. ECF No 2. It makes the required showing and is granted.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff has raised three factually distinct claims. First, he alleges that, in February of 2021, unnamed prison officials falsely accused him of refusing to accept a cellmate. ECF No. 1 at 5-7. Second, he alleges that, in December of 2020, unnamed defendants failed to protect him from Covid-19 when they refused to assign him to a single-man cell. *Id.* at 8-9. Third, he alleges that, in October 2020, officials refused to address his grievances. *Id*. at 11-12. The complaint does not comply with the Federal Rules of Civil Procedure. Under Rule 8 of the Federal Rules of Civil Procedure a claimant must bring simple and direct allegations that allow each defendant to determine what he or she is being sued for. Fed. R. Civ. P. 8; *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff has identified two "Doe" defendants, ECF No.1 at 14-15, but has not specifically alleged how either was involved in the aforementioned violations of his rights.

Additionally, plaintiff may not bring factually unrelated claims against more than one defendant. *See* Fed. R. Civ. P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). Plaintiff has sued at least two defendants. His claims encompass three different alleged violations of his rights and cannot proceed in one suit.

I will give plaintiff leave to amend his complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Within sixty days from the service of this order, plaintiff must either file an

1  Amended Complaint or advise the court he wishes stand by his current complaint.

2  3. Failure to comply with this order may result in the dismissal of this action.

3  4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __March 30, 2021__  
                                    JEREMY D. PETERSON  
                                    UNITED STATES MAGISTRATE JUDGE