UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br><br>    Plaintiff,<br><br>   v.<br><br>WARDEN,<br><br>    Defendant. | Case No. 2:21-cv-00421-JDP (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

On March 31, 2021, I screened plaintiff's complaint, notified him that the complaint failed to state a claim, and gave him sixty days to file an amended complaint. ECF No. 6. To date, plaintiff has not filed an amended complaint.

To manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines. The court can dismiss a case for plaintiff's failure to prosecute or failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

    I will give plaintiff a chance to explain why the court should not dismiss the case for his failure to file an amended complaint.  Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed.  Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to state a claim.  Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, a first amended complaint.

IT IS SO ORDERED.

Dated:   July 21, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE