UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN,<br><br>    Defendant. | Case No. 2:21-cv-00421-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE A SECOND AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER.<br><br>ECF No. 13<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET A SETTLEMENT CONFERENCE<br><br>ECF No. 19<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF Nos. 15 & 18<br><br>FOURTEEN-DAY DEADLINE FOR OBJECTIONS |

Plaintiff David Perryman is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He alleges that defendants violated his civil rights by

1

1  issuing him a false Rules Violation Report and denying him a fair disciplinary hearing. In an
2  earlier screening order, the court found that plaintiff's original complaint failed to state a
3  cognizable claim; his first amended complaint again fails to state a cognizable claim. I will grant
4  him one more opportunity to amend his complaint before recommending that his case be
5  dismissed. I will also recommend that plaintiff's two motions for injunctive relief be denied.[1]

### Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

---

[1] One of plaintiff's motions for injunctive relief also requests an extension of time. ECF No. 18. At the time of that request there were no pending deadlines, and so that request is denied. Plaintiff has also filed a motion to set a settlement conference. ECF No. 19. Given that plaintiff has yet to allege a viable claim, that request is denied as premature.

However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Screening Analysis**

Plaintiff's first amended complaint alleges that in February 2021, defendant Thao, acting under defendant Uribe's instruction, issued a Rules Violation Report ("RVR") falsely stating that plaintiff had refused to be housed with a cellmate; plaintiff maintains that he never refused to be housed with cellmate. ECF No. 13 at 4-8, 13. Defendant Samply held a hearing in April 2021, finding plaintiff guilty of the violation. *Id.* at 9-11, 14. Plaintiff contends that at this hearing Samply denied him the opportunity to introduce evidence or call witnesses who could testify to his innocence. *Id.* at 10. Samply sentenced plaintiff to "C-status" for ninety days—a classification that, plaintiff alleges, entailed a loss of access to several privileges, including phone, visitation, canteen, packages, yard recreation, showers, clinician, group programming, church, law library, TV, and radio, in addition to being limited to only one meal per day. *Id.* at 11. Plaintiff claims that the issuance of the false RVR and the procedurally deficient disciplinary hearing were violations of the Fourteenth Amendment. He also claims that the ensuing disciplinary sanction and the "attempt to force a cellmate on him against CDCR medical COVID-19 protocols" violated the Eighth Amendment. *Id.*

Plaintiff's allegations fail to state a cognizable claim against Thao or Uribe. First, the filing of a false RVR is not an independent due process violation. *See Harper v. Costa*, No. CIV S-07-2149-LKK-DAD (P), 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009) (holding that "a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983"), *aff'd*, 393 F. App'x 488 (9th Cir. 2010). Second, although plaintiff's concerns about being housed with a cellmate are understandable, he neither alleges that he was actually given a cellmate, nor that any injury resulted from his housing assignment. The mere potential of being subjected to a hazardous condition does not state an Eighth Amendment claim under 42 U.S.C. § 1983.

Plaintiff also fails to state a claim against Samply, since his placement on C-status for

3

1    ninety days does not rise to the level of an atypical and significant hardship—necessary to trigger
2    due process protections—much less an Eighth Amendment violation. ECF No. 13 at 14. *See*
3    *Salmen v. Barrientos*, No. 3:21-CV-0818-CAB-WVG, 2021 WL 1906459 (S.D. Cal. May 11,
4    2021) (holding, and collecting cases, that assignment to C-status was not an atypical and
5    significant hardship and so did not require any particular procedural due process protections);
6    *Moore v. Lamarque*, 242 F. App'x. 458, 460 (9th Cir. 2007) (limitations on day room and yard
7    privileges imposed on C-status inmate do not state Eighth Amendment violation). It is possible
8    that plaintiff suffered more serious deprivations than those ordinarily imposed on C-status
9    prisoners, but if that is true, the amended complaint does not provide "enough facts" to render his
10   claim "plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.

11         Finally, because I find that plaintiff has not alleged a constitutional violation, his
12   allegations against defendants Stewart and Lynch in their supervisory capacities are necessarily
13   deficient. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (holding that a defendant may
14   be held liable as a supervisor "if there exists either (1) his or her personal involvement in [a]
15   constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful
16   conduct and [a] constitutional violation") (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.
17   1989)).

18         I will allow plaintiff a chance to amend his complaint before recommending that this
19   action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint
20   will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th
21   Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face
22   without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
23   complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
24   complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
25   defendant's involvement in sufficient detail. The amended complaint should be titled "Second
26   Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an
27   amended complaint, I will recommend that this action be dismissed.

28         Finally, I will recommend that all of plaintiff's motions for preliminary injunction be

denied without prejudice because he has not shown a likelihood of success on the merits of his claims. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to set a settlement conference, ECF No. 19, is denied.

2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed for failure to state a claim.

3. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's motions for injunctive relief, ECF Nos. 15 & 18, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   January 20, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE